PER CURIAM.
Writ granted. Beauregard Limited Partnership filed a petition to evict Equity Acquisition and Boothe Retirement Trust[1] for allegedly breaching a ground lease. Under the lease, rent was due on the first day of each month. The lease also provided the lessor with the option of terminating the lease upon the lessee’s failure to pay three consecutive months rent[2]. The lessor sought to invoke these two clauses alleging failure to pay May, June, and July rental payments.
The January 1993 rent was mailed on January 12, 1993. The February and March rentals were mailed together on March 25, 1993. On April 21, 1993, the lessor’s attorney sent a letter to the lessee which provided in pertinent part as follows:
On behalf of our client, Beauregard Limited Partnership, demand is made for payment of rental due April 1, 1993. We also remind you that rental will again become due May 1, 1993.
Shortly thereafter, part of the April rent was paid. During the months of May and June, no rental payments were made. By letter dated July 2,1993, the lessor gave notice that it was terminating the lease and gave the lessee notice to vacate. On July 6, 1993, the lessee attempted to tender payment of all outstanding rent due, including the remainder of the April rent owed and the rental payments due for May, June, and July.
The matter was tried and, after the lessor presented its case-in chief, the trial judge granted the lessees’ motion for involuntary dismissal. The court of appeal reversed.
The July installment was tendered on July 6, 1993, within the customary lateness that the trial judge reasonably found that the lessor had tolerated. Thus, there was a failure to pay timely, within the customarily accepted time, as to only two consecutive months, May and June. Since only two consecutive months (May and June) were not paid within the customary late period (July was paid within the customary late period), there was not a three consecutive month failure to pay as required to invoke the termination provision under the lease. The court of appeal erred in concluding otherwise.
Accordingly, for the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court granting defendants’ motion for involuntary dismissal is reinstated.
WATSON, J., not on panel.

. Bank of New Roads acquired the property from Boothe Retirement Trust on February 8, 1995, by sheriff's sale, while this matter was pending before the First Circuit.

. The lessee owns the building located in part on the lessors’ property. The lease requires forfeiture of the lessee’s building if the lease is terminated.